BAYLESS, Appellant, v. HARRIS, Respondent.

St. Louis Court of Appeals, April 2, 1907.

1. BILLS AND NOTES: Notice: Presentment and Notice. Where a promissory note was presented to the maker for payment on the day after the expiration of the three days of grace from maturity, protest and notice to the endorser of dishonor at such time was too late to hold the endorser.

2. ———: Variance: Waiver of Demand and Notice. In an action on a promissory note by the endorsee against the endorser, the petition alleged demand and notice of dishonor; the plaintiff could not under such allegations prove a waiver of demand and notice.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*T. D. Steele* for appellant.

(1) The protesting of a note is the taking of all the necessary steps to fix the liability of the drawer or indorser, upon the dishonor of commercial paper to which he is a party, or in other words, presentment, demand and notice of non-payment. Bank v. Lowe, 47 Mo. App. 151. (2) When Mr. Harris informed Mr. Bayless before the maturity of these notes that he would not pay them, that his indorsement was without recourse, and he denied any liability on that account, then in that case notice was dispensed with and was wholly unnecessary. Anderson v. Long, 1 Mo. 367. The notice of dishonor of a note may be given by any party to the same, and may be either verbal or in writing. Glasgow v. Pratte, 8 Mo. 336. So the verbal and written notice of Bayless to Harris was all that the law required. Bank v. Hatch, 78 Mo. 13.

*George & Landis* and *Thomas M. Allen* for respondent.

(1) Plaintiff's second assignment is not well taken for the reason that the matter attempted to be proven was not admissible under the pleadings. Nichols Shepherd Co. v. Larkin, 79 Mo. 271; Lanitz v. King, 93 Mo. 513; Pier v. Heinrichoffen, 52 Mo. 333; Mohney v. Reed, 40 Mo. App. 99; Ferneaw v. Whitford, 39 Mo. App. 311. (2) The court committed no error in sustaining the introduction of the notary's protest as it clearly showed on its face that it was made on the 27th day of May, 1903, the day following the last day of grace. Draper v. Clemons, 4 Mo. 52; lvory v. Bank, 36 Mo. 475; Kutz v. Tempel, 48 Mo. 71.

GOODE, J.—In this action on two promissory notes a verdict was directed for defendant and plaintiff appealed.. Both of the notes were dated May 23, 1900, were for $250, payable to the order of M. W. Wooten,

and were negotiable instruments. The maker was E. A. Marbut. One of the notes was due three years after date and one four years. Both were indorsed before maturity by Wooten to defendant without recourse, and by defendant were indorsed before maturity to Bayless, but not without recourse. The petition is in two paragraphs. In the first paragraph it is averred that when the note counted on fell due, it was presented to Marbut, the maker, for payment, payment refused and thereupon the note was protested and notice of presentment, demand and dishonor duly given to the defendant; whereby he became liable to pay the amount of the note, together with damages for the protest. The second paragraph alleged that at the maturity of the other note, it was duly presented to Marbut and payment demanded and refused; whereupon notice of its dishonor was duly given to defendant Harris. The difference between the paragraphs is that the first avers a protest for non-payment and the other merely a demand and notice of dishonor. There are appropriate allegations regarding the indorsements on the notes. The answer was in two paragraphs, and in effect is that notice of the demand of payment and the dishonor of the notes was not given to defendant. The averments of the petition are material in view of the exceptions taken by the plaintiff. Marbut, the maker of the notes, lived some miles in the country from Cassville, the county seat of Barry county. The notes never were presented to Marbut, at his residence or elsewhere, but were placed by Bayless in the Barry County Bank, an institution in Cassville, and a letter written to Marbut some time before their maturity that they would be in the bank on the dates they matured, to be paid. The bank was not named in the notes as the place where they were payable. The first note fell due May 26, 1903, allowing three days' grace. It was protested for non-payment on the next day, May 27, and notice of dishonor sent to defendant by mail, which he

received in due course. The certificate of the notary public is that he presented the note for payment on the day of the protest, or one day later than presentment ought to have been made. [2 Randolph, Com. Paper (2 Ed.), sec. 1088.] Hence 'if we were to accept the notary's certificate as evidence of the facts recited, which it is, it would follow that the note was presented and demand for payment made too late to hold the indorser. The fact is it was not presented at all. It follows that the defendant was discharged from liability as indorser. Plaintiff's counsel insisted on proving defendant disclaimed all liability on the notes prior to their maturity, because they had been indorsed by Wooten, the payee, without recourse on him, and, therefore, there was no need to present them for payment or give defendant notice of their dishonor in order to hold him liable as an indorser. In other words, that his claim of non-liability on account of the form of Wooten's indorsement dispensed with those requirements of the law. Suffice to say that whatever merit this theory might have under an appropriate pleading, it has none under the petition in this cause. Express averments of a demand for payment and notice of dishonor are made as the facts relied on to fasten liability on the defendant. The court properly excluded the testimony offered to show waiver of the necessity of demand and notice of dishonor, as this defense was outside the scope of the pleadings.

It is further insisted that the notice of the dishonor of the first note given to defendant by the notary was in time, as perhaps it was. We have no occasion to pass on that point, because the failure to present the notes to the maker and demand payment was fatal to plaintiff's case on both counts.

The judgment of the court below is affirmed. All concur.